```
                                                                    Priority     _____
                         UNITED STATES DISTRICT COURT                Send        _____
      JS - 6             CENTRAL DISTRICT OF CALIFORNIA              Enter       _____
                                                                     Closed      _____
                              CIVIL MINUTES - GENERAL                JS-5/JS-6   _____
                                                                     Scan Only   _____
```

============================================================================

**CASE NO.:** **CV 12-00028 SJO (MRWx)**          **DATE:** **March 13, 2012**

**TITLE:**     **U.S. Bank National Association v. Jorge Martinez, et al.**

============================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                   Not Present
Courtroom Clerk                                    Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**                 **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                        Not Present

============================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION TO REMAND;
ORDER DENYING PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS**
[Docket No. 6]

This matter is before the Court on Plaintiff U.S. Bank, N.A.'s ("Plaintiff") Motion to Remand Case to Los Angeles County Superior Court and Request for Attorneys' Fees and Costs ("Motion"), filed on January 17, 2012. Plaintiff concurrently filed a Request for Judicial Notice ("RJN"). Plaintiff filed its Motion in response to Defendants Jorge Martinez, Manuela Bravo, Virginia Fernandez, and Rose Garcia's (collectively, "Defendants") Notice of Removal ("Notice"), filed on January 3, 2012. The Court found this matter appropriate for decision without oral argument and vacated the hearing set for February 20, 2012. *See* Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court **GRANTS** Plaintiff's Request for Judicial Notice, **GRANTS** Plaintiff's Motion to Remand, and **DENIES** Plaintiff's Request for Attorneys' Fees and Costs.

I.    BACKGROUND

On January 11, 2011, Plaintiff initiated this unlawful detainer action in Los Angeles County Superior Court. Plaintiff alleges that Defendants failed to pay rent for the premises located at 160 East 79th Street, Main House, Los Angeles, California (the "Premises"). (RJN Ex. 1 ("Compl.") ¶¶ 3, 11, ECF. No. 6-1.) Proceeding *pro se*, Defendants removed Plaintiff's Complaint to the Central District on January 3, 2012 pursuant to 28 U.S.C. §§ 1332, 1441, 1443, and 1446. (Notice ¶ 4, ECF No. 1.) To support removal under § 1443, Defendants allege that "[t]he California Superior Courts of Limited Jurisdiction . . . operate based on an institutionalized predetermination of the outcome [and] reflect a pervasive state statutory program expressly designed to deny Hispanics . . . their equal constitutional rights to equal access to the Courts and to make and enforce contracts for the maintenance of interest in property." (Notice ¶ 27.) Specifically, Defendants allege that "[t]he Los Angeles County Sheriff's Department Notice[s] are always in English, never bilingual, and do not so acknowledge the large Ethic/Diversity-cultured [sic] people of Los Angeles County." (Notice ¶ 28.) Thus, Defendants contend that the "Unlawful Detainer/Forcible Eviction Laws of the State of California are facially discriminatory in that they do

**CASE NO.:** CV 12-00028 SJO (MRWx)          **DATE:** March 13, 2012

not require translations or bilingual texts of contracts or notices," and that Defendants have therefore been denied the "guarantees to due process found in the Fifth and Fourteenth Amendments." (Notice ¶¶ 29-30.) Defendants claim that they "are entitled to remove because they are victims of ethnic profiling based on surnames and presumed linguistic incompetence." (Notice ¶ 35.)

Plaintiff filed the instant Motion alleging: (1) removal is untimely under 28 U.S.C. § 1446; (2) the Court lacks subject matter jurisdiction under §§ 1331 and 1332(a); and (3) Defendants' sole purpose in removing was to "harass the Plaintiff and cause it to incur further litigation costs." (Mot. 4-5,7, ECF No. 6.) Plaintiff asserts that Defendants owe $12,600 for past-due rent and thirty-three dollars for each day that Defendants continue to occupy the Premises. (Compl. ¶ 12-13.) Plaintiff further argues that it is entitled to attorneys' fees and costs in the amount of seven hundred ninety dollars because Defendants' purpose in filing its Removal was "to impede Plaintiff's rights to recover possession" of the Premises. (Mot. 8.)

II.      DISCUSSION

     A.      Judicial Notice

Plaintiff requests judicial notice of: (1) the Complaint; (2) Proof of Service of Summons and Complaint on each of the Defendants; (3) Defendants' Answer, filed on February 10, 2011; (4) Defendants' General Denial, filed on February 18, 2011; (5) Plaintiff's Request for Entry of Default, entered on March 14. 2011; (6) Notice of Entry of Judgement issued by the Los Angeles County Superior Court Clerk on November 30, 2011; (7) Writ of Possession issued on December 13, 2011; and (8) Defendants' Notice of Removal. (*See generally* RJN.)

Federal Rule of Evidence 201(b)(2) permits courts to take judicial notice of facts that are "not subject to reasonable dispute" in that they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). A court "may take judicial notice of court filings and other matters of public record," *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006), along with documents "whose contents are alleged in [the] complaint and whose authenticity no party questions." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (internal quotation marks omitted). Here, Plaintiff requests that the Court to take judicial notice of court filings that are matters of public record, and Defendants do not dispute the documents' authenticity. The Court concludes that these public documents are proper subjects of judicial notice. Plaintiff's Request for Judicial Notice is **GRANTED**.

     B.      Defendants' Notice of Removal

The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

JS - 6

| | |
|---|---|
| **CASE NO.:** CV 12-00028 SJO (MRWx) | **DATE:** March 13, 2012 |

instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted). Defendants argue that removal is proper because the Court has subject matter jurisdiction on two grounds: (1) there is complete diversity between the parties; and (2) California's unlawful detainer laws deny Defendants their due process rights. (Notice ¶¶ 13, 19, 27.)

### 1. Traditional Bases for Subject Matter Jurisdiction

There are two traditional bases for federal subject matter jurisdiction: (1) federal question; and (2) complete diversity. *See* 28 U.S.C. §§ 1331, 1332(a). Federal question jurisdiction exists when a plaintiff asserts a claim or right "arising under the Constitution, treaties, or laws of the United States." 28 U.S.C. §1331. Diversity jurisdiction exists when no plaintiff shares citizenship with any defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a).

Plaintiff argues that Defendants cannot establish either federal question or diversity jurisdiction in this case, and therefore removal is improper. (Mot. 5-7.) Plaintiff contends that the Court does not have federal question jurisdiction because the Complaint does not claim a right arising under federal law. (Mot. 6.) The Court agrees. The Complaint asserts only one cause of action for unlawful detainer arising out of California Code of Civil Procedure section 1161(a). (Compl. ¶¶ 4; Mot. 6.) Because Plaintiff's cause of action arises under the laws of the State of California and not the United States, Defendants cannot establish federal question jurisdiction.

Plaintiff also argues that Defendants cannot establish diversity jurisdiction. In their Notice, Defendants contend that the amount in controversy should be calculated as the value of the Premises, which they estimate to be $200,000. (Notice ¶¶ 16-17.) However, Defendants fail to establish complete diversity of citizenship. Defendants make the conclusory allegation that diversity jurisdiction exists without alleging, much less establishing through competent evidence, the citizenship of any party. Without such facts, Defendants cannot meet their burden of establishing that removal on diversity grounds is proper.

### 2. Civil Rights Removal

Pursuant to 28 U.S.C. § 1443, a defendant may remove a civil action to federal court if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1). District courts in the Central District have articulated the test for removal pursuant to § 1443 as requiring satisfaction of two elements: (1) the party must "assert a right under federal law protecting civil rights in terms of racial equality (rather than general constitutional or statutory provisions of general acceptability or statutes not protecting against racial discrimination)"; and (2) "it must appear that the party seeking removal cannot enforce the specified federal right in the state courts

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 12-00028 SJO (MRWx)</u>          DATE: <u>March 13, 2012</u>

because of a state statute or constitutional provision that purports to command the state courts to ignore the federal rights." *Aurora Loan Servs., LLC v. Harrison*, No. CV 10-6715, 2010 WL 3814884, at *1 (C.D. Cal. Sept. 27, 2010) (internal quotation marks omitted).

Defendants also assert that the State of California's statutory scheme governing Unlawful Detainer is unconstitutional and, therefore, removal is proper on civil rights grounds. Defendants' ultimate contention is that Plaintiff was not the rightful owner of the Premises and because the Superior Court did not require Plaintiff to prove such facts, Plaintiff lacked standing to bring its initial Unlawful Detainer action. (Notice ¶¶ 32-33.) Defendants argue that California systematically denies Hispanics equal access to the courts through its "exclusive use of the English language." (Notice ¶ 36.) Defendants allege that "there were times where [Defendants] were not served or notified of courtroom hearings regarding the foreclosure or eviction of their property," presumably because such notices were not distributed in Spanish. (Notice ¶ 14.) Defendants aver that because California does "not require translations or bilingual texts of contracts or notices," California denies Hispanics due process rights to make and enforce property contracts. (Notice ¶¶ 27, 29.) Defendants contend that "'[b]ut for' the California *de facto* and *de jure* policies of discrimination against Hispanics, Defendants . . . would have been able to present their document to prove constructive fraud and that no judgement would have been entered against them." (Notice ¶ 36.)

The Court finds *Aurora Loan Services* instructive. In *Aurora Loan Services*, the defendants removed an Unlawful Detainer complaint to the Central District on civil rights grounds, claiming that "the statutes were enacted with express discriminatory intent." *Aurora Loan Servs., LLC*, 2010 WL 3814884, at *2 (internal quotation marks omitted). The court remanded the complaint to state court in part because the defendants did not "point to anything which *commands* the state courts to ignore federal rights." *Id.* (emphasis in original). Similarly, here Defendants do not point to a California statute or constitutional provision that commands state courts to deny Hispanics equal access to the courts. Defendants merely claim that they are denied due process protection because the California court system uses the English language to communicate its procedure and, presumably, Defendants speak only Spanish. However, using the English language does not in and of itself preclude Defendants from asserting their due process rights nor accessing the courts. Moreover, Defendants attached a copy of the Unlawful Detainer Summons printed in both English and Spanish to their Notice of Removal. (Notice 26-27.) The Summons includes compliance instructions and contact information for services providing legal assistance. (Notice 26.) At the very least, this establishes that the State of California does not command its courts to deny Spanish-speaking residents due process rights. Therefore, like the defendants in *Aurora Loan Services*, here Defendants fail to establish that the Court has subject matter jurisdiction.

   3.  <u>Untimeliness</u>

Pursuant to 28 U.S.C. § 1446(b), a notice of removal of a civil action or proceeding must be filed within thirty days after a defendant receives a plaintiff's initial complaint. 28 U.S.C. § 1446(b).

JS - 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 12-00028 SJO (MRWx)</u>  **DATE:** <u>March 13, 2012</u>

Defendants argue that removal is timely because it was not until the state court entered "The Vacate Ruling" that it could "be ascertained that the case is one which triggered this removal." (Notice ¶ 26.) Defendants appear to argue that it was not until the court clerk entered the default judgment that Defendants realized that the State of California was engaged in racial discrimination and that Defendants had a basis to remove on civil rights grounds. Even if the Court agreed, Defendants' removal would nonetheless be untimely. Default judgement was entered on November 23, 2011 and served on Defendants no later than November 30, 2011. (RJN Ex. 6.) Thus, pursuant to 28 U.S.C. § 1446, Defendants had until December 30, 2011 to file their Notice of Removal. *See* 28 U.S.C. § 1446(b). However, Defendants filed their Notice of Removal on January 3, 2012. (*See generally* Notice.) Therefore, the Court finds Defendants' Notice untimely.

Because the Court lacks subject matter jurisdiction over this matter, and because removal was untimely, the Court **GRANTS** Plaintiff's Motion to Remand the Case to Los Angeles County Superior Court.

      C.    <u>Attorneys' Fees</u>

Pursuant to 28 U.S.C. § 1447, a district court has discretion to award attorneys' fees and costs upon remand. *See* 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (internal quotation marks omitted). Here, Plaintiff alleges that Defendants' sole purpose in removing this case was "to impede Plaintiff's rights to recover possession" of the Premises. (Mot. 8.) Indeed, Defendants admit that they "were forced to file this Federal removal to stay an unlawful detainer summons filed against their home." (Notice ¶ 1.) However, the Court considers Defendants' *pro se* status and the conviction with which they draft their Notice indicative of Defendants' good faith belief that removal was warranted. Further, Plaintiff does not allege specific facts establishing that Defendants lacked an objectively reasonable basis for seeking removal. *See U.S. Bank, N.A. v. Gomez*, No. 10-01867, 2011 WL 347034, at *2 (C.D. Cal. Jan. 31, 2011). The Court **DENIES** Plaintiff's Request for Attorneys' Fees and Costs.

III.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Request for Judicial Notice is **GRANTED**, Plaintiff's Motion to Remand Case is **GRANTED**, and Plaintiff's Request for Attorneys' Fees and Costs is **DENIED**. Accordingly, the Court **REMANDS** this action to the Los Angeles County Superior Court. This action shall close.

IT IS SO ORDERED.